**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MICHELLE SMITH,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**WAL-MART STORES EAST, LP,**<br><br>*Defendant.* | **CIVIL ACTION NO. 5:25-cv-00524-TES** |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION TO DISMISS IN PART**

Before the Court are two motions from Defendant Wal-Mart Stores East, LP. One is a motion to compel, and the other is a motion to dismiss, or, in the alternative, to extend discovery. [Doc. 14]; [Doc. 15]. Pro se Plaintiff Michelle Smith filed a Complaint on December 3, 2025. [Doc. 1]. At the time, she was represented by counsel. On March 3, 2025, the Court issued a Scheduling/Discovery Order, which set a September 16, 2026, deadline for discovery. [Doc. 8]. After a series of slow developments, Defendant filed the current motions, which the Court takes in turn.

First, the motion to compel. Defendant filed its motion to compel Plaintiff to respond to Defendant's first request for production of documents and first interrogatories on August 7, 2026. [Doc. 14]; [Doc. 14-1, p. 2]. Plaintiff did not file a response to the motion. According to Defendant, it served Plaintiff discovery requests

on March 13, 2026, and has yet to receive a response. [Doc. 14-1, p. 1]. On April 7, 2026, Plaintiff's counsel requested an extension of time to respond, and Defendant consented. [*Id.* at p. 2]. Twenty days later, Defendant consented to another extension. [*Id.*]. Defendant consented to yet another extension on May 11, 2026. [*Id.*]. After all the consent extensions, Plaintiff's discovery response was due on May 18, 2026. [*Id.*].

On June 16, 2026, Plaintiff's attorney filed a motion to withdraw as counsel. [Doc. 12]. In his motion, Plaintiff's counsel detailed part of his withdrawal notice that he sent to Plaintiff. [*Id.*]. Relevant here, he told Plaintiff, "Your discovery responses are past-due. Discovery is currently scheduled to end on September 16, 2026, and the deadline to file dispositive motions is October 16, 2026." [*Id.* at p. 2]. The Court granted the motion to withdraw, and Plaintiff became pro se. [Doc. 13].

Defendant's counsel subsequently emailed Plaintiff on July 6, 2026, and again on July 14, 2026, regarding her discovery responses. [*Id.*]. Defendant's counsel gave Plaintiff a deadline of July 21, 2026, to respond to its discovery requests. [*Id.*]. Having still received no response, Defendant filed the current motion to compel Plaintiff to respond. [Doc. 14].

"A party must respond to interrogatories and requests for production within 30 days of service unless the court orders, or the parties stipulate to, a different response time." *Diker v. Chisholm*, No. 3:19-cv-1059-BJD-PDB, 2021 WL 678550, at *1 (M.D. Fla. Feb. 22, 2021) (citing Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A)). "The seeking party may file a

motion to compel discovery when the party to whom the request is directed to fails to answer an interrogatory or produce documents." *McGhiey v. Orange Lake Country Club, Inc.*, No. 618cv2076ORL28EJK, 2019 WL 13248311, at *1 (M.D. Fla. Sept. 25, 2019) (citing Fed. R. Civ. P. 37(a)(3)(B)). "Even *pro se* litigants are under an obligation to obey discovery orders." *Hughes v. Polar Corp. (MA)*, No. 5:16-cv-72 (CAR), 2018 WL 6318842, at *2 (M.D. Ga. Feb. 28, 2018) (quoting *Welch v. Comcar Indus.*, 139 F. App'x 138, 139 (11th Cir. 2005)).

Defendant sufficiently attempted to confer in good faith with Plaintiff when it repeatedly extended the deadline for Plaintiff's responses both when Plaintiff was represented and when Plaintiff became pro se. Fed. R. Civ. P. 37(a)(1). Even still, Plaintiff never responded to Defendant's discovery requests. Accordingly, the Court **GRANTS** Defendant's motion to compel [Doc. 14] and **ORDERS** Plaintiff to respond to Defendant's discovery requests. Plaintiff shall have **30 days** from the date of this order to respond.

Defendant also requests fees under Rule 37. [Doc. 14-1, p. 4]. "*Pro se* litigants are 'subject to sanctions like any other litigant,' and may not rely on their unrepresented status alone to avoid sanctions." *Jackson v. McFarlane*, No. CV 324-068, 2026 WL 2413609, at *1 (S.D. Ga. Aug. 17, 2026) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Indeed, "[i]f the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* "A position is 'substantially justified' if it results from a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Whitlock v. United Parcel Servs., Inc.*, No. 3:24-cv-843-CLS, 2025 WL 2945840, at *1 (N.D. Ga. Apr. 2, 2025) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Under the plain language of Rule 37(a)(5)(A), the court must give Plaintiff an "opportunity to be heard." Accordingly, the Court **ORDERS** Plaintiff to **show cause** by the end of the day on **September 25, 2026**, why it should not award Defendant reasonable fees under Rule 37(a)(5)(A).[1] Since Plaintiff is pro se, the Court instructs her to show either that her nondisclosure and lack of response was substantially justified, or why other circumstances would make an award of expenses unjust. The court reminds Plaintiff that her pro se status alone is not sufficient to avoid paying fees.

---

[1] The Court notes that part of Defendant's discovery request was a set of interrogatory questions, to which Plaintiff presumably has not provided a response. [Doc. 14-1, p. 2]. While interrogatories fall under Rule 37(d), the ultimate standard is the same in this case. The Court must impose reasonable expenses "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Next, the motion to dismiss, or, in the alternative, extend discovery, which Defendant filed on August 31, 2026. [Doc. 15]. In it, Defendant argues that the timeline above—as well as additional facts like Plaintiff has not requested her own discovery or even responded to communications—demonstrates a failure to prosecute warranting dismissal. [Doc. 15-1, pp. 1–3]. Dismissal under Rule 41(b) for failure to prosecute is appropriate where there has been a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The Court finds dismissal here would be premature as there is not a sufficient record of delay or willful contempt.[2] After all, most of the missed deadlines were while Plaintiff was represented, and Plaintiff responded once via email since becoming pro se. Perhaps a court order will help her move the case along.

Since the Court granted Defendant's motion to compel, the Court finds it warranted to extend discovery. Accordingly, the Court **GRANTS** Defendant's motion to dismiss or, in the alternative, extend discovery **in part**. The Court extends discovery **90 days**. Should Plaintiff further fail to participate in responding to discovery, or not follow the Court's order in any way, the Court may dismiss Plaintiff's case. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute

---

[2] Defendant cites *Heath v. Terrell Cnty. Sch. Dist.*, 815 F. App'x 316, 318 (11th Cir. 2020), in support of dismissal. [Doc. 15-1, p. 4]. But, *Heath* contained more back and forth both between the parties and with the Court than is on the record here. 815 F. App'x at 317–18.

or failure to obey a court order.") (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

In conclusion, the Court **GRANTS** Defendant's motion to compel, and **ORDERS** Plaintiff to **SHOW CAUSE** by the end of the day on **September 25, 2026**, why she should not have to pay Defendant's reasonable fees under Rule 37(a)(5)(A). Plaintiff has 30 days from the date of this order to respond to Defendant's discovery requests. Furthermore, the Court **GRANTS** Defendant's motion to dismiss or, in the alternative, extend discovery, **in part**. The Court extends discovery by 90 days. The new discovery deadline will be December 15, 2026. Dispositive motions are due January 15, 2027.

**SO ORDERED**, this 9th day of September, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**